**GARNER v. POWELL, Sheriff, et al.**

No. 18676. Opinion Filed Nov. 13, 1928.

Rehearing Denied July 2, 1929.

E. G. Wilson, R. C. Searcy, and Couch & Morgan, for plaintiff in error.

Bruce L. Keenan and W. A. Chase, for defendants in error

FOSTER, C. John D. Richards recovered judgment in the district court of Tulsa county against W. L. Garner plaintiff in error, for the sum of $1,008.66 and $200 attorneys' fees, and a further judgment foreclosing a chattel mortgage on personal property given to secure the note for which the judgment was granted. A special execution was issued and delivered to the sheriff of Cherokee county, where the chattels covered by the mortgage were located. The case at bar is an attempt to enjoin the sheriff of Cherokee county by an action in the district court of said county from enforcing said execution.

The petition for injunction alleges that the original judgment in Tulsa county had been fully paid and satisfied by reason of certain credits, which are enumerated in the petition, amounting to a total sum of $1,589.49. But the petition shows that of said amount only $550 was paid in cash, the remaining part being paid by furnishing lumber, the value of same being set out in the petition. Of the amount paid by furnishing lumber, $467.49 is alleged to have been paid after the rendition of the judgment, and $572 before the rendition of the judgment in Tulsa county. There is no allegation in the petition that the judgment creditor agreed to accept this merchandise as payment. On the contrary, the petition alleges that the plaintiff had made frequent requests of the defendant for a settlement of the judgment, and the defendant had refused to make settlement.

No pleading of any kind was filed by the defendants in error, but the sheriff of Cherokee county appeared in court by an attorney and objected to the issuance of a temporary injunction. The court denied the applica-

tion for a temporary injunction, and from this order the plaintiff, Garner, appeals. The parties appear as they did in the trial court.

The defendants in this case filed no pleadings and introduced no 'evidence, so the allegations of plaintiff's petition must be taken as true. Do the allegations of the petition allege a satisfaction of the judgment? We think not.

The general rule concerning the satisfaction of judgments is laid down in 34 C. J. p. 687, section 1059, as follows:

"Except where a judgment by its own terms provides otherwise, a judgment for the payment of money can be satified only in money, unless the owner of the judgment chooses to accept property, securities, or some other thing of value," etc.

According to the record in this case, this was a money judgment. The principal ground for injunction, and one of the necessary grounds attempted to be alleged in the petition, is that the judgment has been paid. As above set out, the manner in which the judgment was paid was by the furnishing of lumber and other merchandise, except the sum of $550, which was paid in cash, there being no allegation in the petition that the judgment creditor agreed to accept this merchandise as a payment upon the money judgment, and, on the contrary, it appearing from the petition that he had refused to accept it. We, therefore, believe the petition upon its face does not show facts necessary to constitute a complete satisfaction of the judgment. For this reason, if for no other, we believe the trial court was correct in denying injunctive relief.

Defendants in their brief urge a motion to dismiss; also call attention to the fact that one of the alleged payments, by the furnishing of lumber, was made prior to the rendition of the judgment in the district court of Tulsa county. Likewise, they present the question of whether or not plaintiff had a plain and adequate remedy at law by a proceeding in the district court of Tulsa county, and, finally, the question as to whether or not plaintiff by his petition shows any irreparable injury resulting to him sufficient to invoke equitable relief.

But these are all questions which we do not deem it necessary to decide, since, in our opinion, the petition does not state facts sufficient to show that the judgment in the district court of Tulsa county had been fully satisfied.

The judgment is therefore affirmed.

BENNETT, LEACH, REID, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.